UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
NORTHERN DIVISION



FILED
SEP 13 2019

| MOHAMMED EL KARMASSI, | 1:19-CV-01012-CBK |
|---|---|
| Plaintiff, | |
| vs. | MEMORANDUM OPION AND ORDER |
| BRIDGESTONE AMERICA, SEDGWICK, | |
| Defendants. | |

Plaintiff filed a complaint alleging that he had an accident at work when he was employed at GCR Firestone in Watertown, South Dakota. He alleged that witnesses and his manager refused to report the injury to the South Dakota Department of Labor, that he was forced to do heavy work despite a 25 pound lifting limit imposed by a doctor, that a manager forged his signature, that an insurance adjuster refused to obtain an impairment rating, answer plaintiff's calls, or pay plaintiff's medical bills, that workers' compensation person Dean Smith offered to settle plaintiff's workers' compensation claim for $5,000 but plaintiff refused, that defendants failed to reimburse plaintiff for expenses of driving to a doctor or therapy, for missed work, or for meals, and that defendants harassed and retaliated against him for raising safety concerns. Plaintiff filed an application to proceed without the prepayment of fees but he paid the filing fee. Plaintiff filed motions to electronically file documents and for the appointment of counsel. Defendants filed a motion to dismiss.

"Federal courts are courts of limited jurisdiction, possessing only that power authorized by Constitution and statute." Gunn v. Minton, 568 U.S. 251, 256, 133 S. Ct. 1059, 1064, 185 L. Ed. 2d 72 (2013) (internal quotations omitted) (quoting Kokkonen v. Guardian Life Ins. Co. of America, 511 U.S. 375, 377, 114 S.Ct. 1673, 128 L.Ed.2d 391 (1994)). "The threshold inquiry in every federal case is whether the court has jurisdiction" and the Eighth Circuit has "admonished district judges to be attentive to a satisfaction of jurisdictional requirements in all cases." Rock Island Millwork Co. v. Hedges-Gough Lumber Co., 337 F.2d 24, 26-27 (8th Cir. 1964), and Sanders v. Clemco Industries, 823 F.2d 214, 216 (8th Cir. 1987).

"Federal Rule of Civil Procedure 8(a)(1) directs that a complaint shall set forth 'a short and plain statement of the grounds upon which the court's jurisdiction depends.' A complaint that does not contain an adequate statement of jurisdictional facts is 'fatally defective.'" Hutchins v. Homestead Sav., 5 F.3d 531 (8th Cir. 1993). Plaintiff's complaint fails to contain any statement of the grounds upon which jurisdiction is premised. Plaintiff submitted the required civil cover sheet wherein he set forth that he is a citizen of both this state and another state and that the principal defendant resides in Davidson County, South Dakota, and is incorporated with its principal place of business in another state. Although he did not clearly set forth exactly who or what defendant "Sedgwick" is, the Court is generally aware that Sedgwick is a third-party claims administrator which handles, *inter alia*, workers' compensation claims for certain employers. Counsel for Bridgestone America also entered an appearance for Sedgwick. Plaintiff set forth in the civil cover sheet that his claim is for personal injury. He set forth in the civil cover sheet that the basis of this Court's jurisdiction is that the United States government is the plaintiff.

Clearly, the plaintiff is not the United States and federal jurisdiction cannot be premised upon 28 U.S.C. § 1345. Plaintiff has not alleged any federal claims and jurisdiction is therefore not proper under 28 U.S.C. § 1331. He has not clearly set forth a basis for diversity jurisdiction under 28 U.S.C. § 1332. To establish subject matter jurisdiction under 28 U.S.C. § 1332, plaintiff must show that complete diversity of citizenship exists between the parties and that the amount in controversy exceeds $75,000. Plaintiff's civil cover sheet sets forth that he and at least one of the defendants are citizens of South Dakota. Complete diversity does not exist.

Plaintiff has in this case, and in two prior federal cases, claimed that he was injured on the job, that his employer refused to report his injury, and that his employer refused to pay for his medical care and resulting disability. He has repeatedly been advised that such claims cannot be raised in federal court. This Court lacks subject matter jurisdiction over state law workers' compensation claims where diversity jurisdiction does not exist. *See* Cincinnati Indem. Co. v. A & K Const. Co., 542 F.3d 623, 624 (8th Cir. 2008).

Plaintiff filed his first federal lawsuit concerning his November 2015, work-related injury in 2016, CIV 16-1057. In that case, plaintiff alleged that he was injured at work, that he was disabled, that he was required to lift weight in excess of the lifting restriction imposed by his doctor, that he was harassed by his employer and coworkers, that he was retaliated against, and

2

that he was wrongfully fired. He contended that he continued to suffer from his injury and had ongoing medical bills which he contended defendant Bridgestone should pay. Plaintiff was allowed to proceed *in forma pauperis* in that action and I ordered the service of the complaint upon the defendant. Upon motion of the defendant, the caption was amended to reflect that GCR Firestone was actually Bridgestone Americas Tire Operations, LLC.

Counsel for defendant filed a motion to extend the deadline for filing an answer in CIV 16-1057 on the basis that the parties agreed to participate in defendant's Employee Dispute Resolution Plan, which requires mediation and binding arbitration of employment-related claims. That motion was granted. A second extension was granted to accommodate a mediation date of April 27, 2017. Defendant filed a motion to dismiss in November 2017, setting forth that the parties did engage in mediation of plaintiff's claims, that a settlement agreement was reached, that a settlement agreement and release was signed, and that payment was issued to plaintiff. Plaintiff did not file any objection to the motion to dismiss. The motion was granted and CIV 16-1057 was dismissed November 30, 2017. Plaintiff subsequently sent two letters to the Court contending that he did not sign the "letter" from the attorney and asking the Court to investigate his case against defendant. He claimed that he was offered $5,000 to settle his work-related injury claim but refused to do so. He set forth that, after mediation, his employer refused to pay for any further medical care for his work-related injury. He attached a copy of the cover letter from defendant indicating settlement checks (in excess of the $5,000 settlement offer which plaintiff contended he did not accept) and a copy of the fully executed settlement agreement, release, and covenant not to sue were sent to plaintiff.

Plaintiff filed a second suit against GCR Firestone arising out of his November 2015, work-related injury, CIV 18-1017. He claimed in that case that his manager refused to timely report the accident, required plaintiff to work in violation of his doctor's restrictions, human resources would not return his calls, and the workers' compensation carrier would not return his calls or pay for therapy. He claimed the manager forged plaintiff's signature on time cards and other documents. Plaintiff contended that he was harassed, threatened and was fired in retaliation for raising safety concerns and trying to pursue workers' compensation. Plaintiff sought to hold GCR Firestone responsible for the accident and his medical and pharmacy bills.

Defendant again noted that the correct designation of the defendant was Bridgestone Americas Tire Operations, LLC. Defendant moved to dismiss the 2018 case on the basis that the

3

parties had mediated plaintiff's claims in April 2017. Plaintiff responded to the motion to dismiss, agreeing that he had attended mediation and settled the case. He nonetheless continued to claim that defendant was responsible for continuing to pay for his medical expenses for his work-related injury. Defendant's motion to dismiss was granted. Plaintiff appealed but his appeal was dismissed by the United States Court of Appeals for the Eighth Circuit for failure to prosecute.

The motion to dismiss this third action against defendants is premised upon the fact that the plaintiff entered into a settlement agreement with defendant Bridgestone wherein he agreed to release his claims against his former employer. Defendants also assert that plaintiff's work-related injury claims must be adjudicated by the South Dakota Department of Labor and Regulation. Defendants note that plaintiff previously pursued a workers' compensation claim before that agency. Plaintiff continues to argue that he did not settle his workers' compensation claim and the Department of Labor has no record of any settlement of his claim. That may be true. Defendants did not claim that the workers' compensation claim was settled. Defendants claim, and plaintiff admitted in his prior case, that the parties settled plaintiff's claims raised in his federal law suit arising out of his work injury.

Plaintiff has not responded to the motion to dismiss. Instead, he has engaged in *ex parte* telephone and email contacts with my chambers, despite repeated warnings that such contacts are improper.

Defendant Bridgestone has, in this case and in two prior cases, asserted that plaintiff's claims arising out of his injury and his treatment by his employer were settled, that plaintiff received a confidential settlement, and that plaintiff signed a release of his claims. Plaintiff has admitted or not denied that assertion in each of the prior cases. Plaintiff nonetheless continues to assert that he is owed continuing payment of the medical expenses arising out of his work-related injury.

Plaintiff is proceeding *pro se*. Although the prior settlement is alleged to have been confidential, plaintiff has previously filed a copy of the cover letter which was sent with the settlement checks and the release, which letter sets forth the amount of the settlement. Plaintiff continues to assert that defendant is obliged to continue to pay for his medical expenses notwithstanding the settlement. This Court has not seen the settlement and release agreement.

4

Prior rulings were based upon the fact that plaintiff did not deny that a settlement agreement and release were entered into.

If plaintiff continues to assert that, despite the settlement agreement and release, his former employer (and his former employer's insurance administrator) is still responsible for continued payment of his medical bills, such claim must be first adjudicated before the South Dakota Department of Labor. The Department of Labor is in the best position to determine whether or not the settlement agreement and release absolved Bridgestone or Sedgwick of their obligations under South Dakota's workers' compensation law. Absent an independent basis for federal court jurisdictions, plaintiff's claims cannot be adjudicated in the United States District Court for the District of South Dakota.

Now, therefore,

IT IS ORDERED:

1. Defendants' motion, Doc. 10, to dismiss is granted. This matter is dismissed with prejudice and without costs.

2. Plaintiff's application, Doc. 2, to proceed without the prepayment of fees is denied as moot.

3. Plaintiff's motion, Doc. 3, to electronically file documents and motion, Doc. 4, for the appointment of counsel are denied.

DATED this 13th day of September, 2019.

BY THE COURT:

CHARLES B. KORNMANN
United States District Judge